***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted September 28, affirmed October 26, petition for review
denied December 29, 2022 (370 Or 694)

DUSTIN ALLEN EDBLOM,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
18CV17223; A172916

J. Burdette Pratt, Judge.

Lindsey Burrows argued the cause for appellant. Also on the briefs was O'Connor Weber LLC. Dustin Edblom filed the supplemental briefs *pro se*.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals a post-conviction judgment, raising two assignments of error through counsel.[1] In the first, he contends that the post-conviction court erred by denying relief on his claim that his trial attorney rendered ineffective and inadequate assistance of counsel for failing to accurately advise him regarding the maximum sentence he faced if he went to trial instead of pleading guilty. In the second, he contends that the post-conviction court erred by denying relief on his claim that his trial attorney rendered ineffective and inadequate assistance of counsel for failing to ensure that his guilty plea was knowing, intelligent, and voluntary, because he was not accurately advised regarding the maximum sentence he faced if he went to trial. We affirm.

Petitioner was charged with and pleaded guilty to six counts of first-degree sexual abuse, ORS 163.427, and one count of third-degree sexual abuse, ORS 163.415. In exchange for a plea of guilty, he received the sentence recommended by the prosecutor of 270 months (22.5 years) in prison. If petitioner had gone to trial and had been convicted of all of the counts against him, he would have faced a maximum of 420 months (35 years) in prison. At the time that he pleaded guilty, however, petitioner believed that if he went to trial and was convicted of even a single count, he faced the possibility of life imprisonment without the possibility of release or parole under ORS 137.719.[2] That belief was based on erroneous advice he had received from trial counsel, as well as statements of the prosecutor and a judge that went uncorrected by trial counsel.

After his conviction, petitioner sought post-conviction relief, contending that his trial counsel rendered

---

[1] Petitioner also raises two *pro se* assignments of error, which are functionally the same as the two assignments of error raised through counsel. We reject his *pro se* assignments of error for the reasons expressed in this opinion.

[2] ORS 137.719(1) provides:

"The presumptive sentence for a sex crime that is a felony is life imprisonment without the possibility of release or parole if the defendant has been sentenced for sex crimes that are felonies at least two times prior to the current sentence."

inadequate assistance under Article I, section 11, of the Oregon Constitution, and ineffective assistance under the Sixth and Fourteenth Amendments to the United States Constitution. Specifically, petitioner alleged his trial counsel was inadequate and ineffective for failing to inform him that, given the prior offenses for which he had been convicted, ORS 137.719 was inapplicable. Petitioner also claimed that his trial counsel was inadequate and ineffective for failing to ensure his guilty plea was knowing, voluntary, and intelligent, because he would not have pleaded guilty had he been properly informed regarding ORS 137.719.

The post-conviction court denied petitioner relief on his claims. It determined that "reasonable counsel should have advised petitioner that he was not subject to the potential life sentence under ORS 137.719(1) and should have also advised the judge and prosecutor accordingly." But it also determined that petitioner had failed to prove prejudice.

On appeal, petitioner contends that the post-conviction court "correctly concluded that counsel's failure to accurately advise petitioner regarding the statutory maximum sentence constituted deficient performance." Petitioner also contends that he "was prejudiced by counsel's deficient performance." On appeal, the superintendent does not challenge the post-conviction court's ruling that petitioner's trial counsel performed deficiently, but contends that the post-conviction court correctly determined that petitioner did not establish prejudice.

"The existence of prejudice is a question of law that may be dependent on predicate facts." *Hale v. Belleque*, 255 Or App 653, 660, 298 P3d 596, *adh'd to on recons*, 258 Or App 587, 312 P3d 533, *rev den*, 354 Or 597 (2013). "The appellate court reviews the post-conviction court's legal conclusions for errors of law, and is bound by the post-conviction court's findings of fact, if they are supported by any evidence in the record." *Id.* (internal citation omitted). That standard of review includes accepting reasonable inferences and reasonable credibility choices that the post-conviction court made and could have made. *Botofan-Miller and Miller*, 365 Or 504, 505, 446 P3d 1280 (2019).

In the circumstances of this case, to establish prejudice, petitioner must demonstrate a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. *Lee v. United States*, ___ US ___, 137 S Ct 1958, 1965, 198 L Ed 2d 476 (2017) (holding that, under the Sixth Amendment to the United States Constitution, "when a defendant claims that his counsel's deficient performance deprived him of a trial by causing him to accept a plea, the defendant can show prejudice by demonstrating a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (internal quotation marks omitted)); *Montez v. Czerniak*, 355 Or 1, 6-7, 322 P3d 487, *adh'd to as modified on recons*, 355 Or 598, 330 P3d 595 (2014) (noting the "standards for determining the adequacy of legal counsel under the state constitution are functionally equivalent to those for determining the effectiveness of counsel under the federal constitution").

In this case, we conclude that the post-conviction court did not err. First, the post-conviction court expressly found petitioner not to be credible, including when he asserted that he would have rejected the plea offer and proceeded to trial had he been informed that the presumptive life sentence under ORS 137.719(1) did not apply to him. Second, on this record, the post-conviction court permissibly determined that the state's case against petitioner was strong, and he was likely to be convicted at trial. *Lee*, ___ US at ___, 137 S Ct at 1966 ("A defendant without any viable defense will be highly likely to lose at trial. And a defendant facing such long odds will rarely be able to show prejudice from accepting a guilty plea that offers him a better resolution than would be likely after trial. * * * Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the Government offers one."). Third, petitioner faced the possibility of a substantially longer sentence if convicted after trial (35 years) than that offered to him in the plea deal he accepted (22.5 years). *See, e.g.*, *In re Sealed Case*, 488 F3d 1011, 1017 (DC Cir 2007) (defendant "failed to demonstrate a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" where, if

defendant had "proceeded to trial and been convicted, he would have confronted a substantially higher Sentencing Guidelines range than that applicable to his plea" (internal quotation marks omitted)).

In arguing for a contrary result, petitioner contends that "the disparity between the advice petitioner received and his actual sentencing exposure is alone significant enough to establish a reasonable probability that petitioner would not have pleaded guilty, given accurate advice by counsel." We understand petitioner, in effect, to argue that we should hold, as a matter of law, that the disparity at issue in this case between trial counsel's advice regarding the potential maximum sentence at trial and the actual maximum sentence at trial sufficient to establish a reasonable probability that petitioner would not have pleaded guilty if he had received accurate advice. Given the strength of the case against petitioner, the sentence he faced if he went to trial versus the sentence he received by accepting the plea, and the post-conviction court's credibility findings, we reject that argument.

Affirmed.